**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **John and Shirley Gurliacci,** | **Civil Action No.: ______** |
| **Plaintiffs,** | |
| **v.** | |
| **Credit First National Association; and DOES 1-10, inclusive,** | **COMPLAINT** |
| **Defendants.** | **April 19, 2011** |

**For this Complaint, the Plaintiffs, John and Shirley Gurliacci, by undersigned counsel, state as follows:**

## JURISDICTION

**1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.**

**2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.**

**3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.**

## PARTIES

**4. The Plaintiff, John Gurliacci ("Plaintiff"), is an adult individual residing in Darien, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).**

5. The Plaintiff, Shirley Gurliacci ("Plaintiff"), is an adult individual residing in Darien, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Credit First National Association ("Credit"), is a Tennessee business entity with an address of 6275 Eastland Road, Cleveland, Ohio 44142, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by Credit and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Credit at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9. John Gurliacci incurred a financial obligation (the "Debt") to Firestone Complete Auto Care (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Credit for collection, or Credit was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged

**in "communications" as defined in 15 U.S.C. § 1692a(2).**

**B. Credit Engages in Harassment and Abusive Tactics**

**13. Defendants contacted John Gurliacci concerning his debt to Firestone Complete Auto Care.**

**14. Mr. Gurliacci informed Defendants he started to make payments to Firestone.**

**15. Defendants assured Mr. Gurliacci that he would not receive any more calls from Credit First. However, Defendants continued to call Mr. Gurliacci.**

**16. On one occasion Defendants placed as many as five (5) calls within one day.**

**17. Moreover, Defendants began calling Mr. Gurliacci's cousin, Shirley Gurliacci.**

**18. Defendants informed Shirley that they were a debt collector and that the purpose of the call was to collect John's debt.**

**19. Mrs. Gurliacci informed Defendants that John Gurliacci could not be reached at her house number and asked to call him on his cellular phone.**

**20. Nevertheless, Defendants continued to call Shirley Gurliacci. One of the calls was placed at 9:30 pm.**

**21. Defendants placed automated calls with pre-recorded voice messages on Mrs. Shirley's residential phone line in an attempt to collect the Debt.**

**22. Defendants failed to inform Mr. Gurliacci of his rights under the state and federal laws by written correspondence within 5 days after the initial**

**communication, including the right to dispute the Debt.**

**C. Plaintiffs Suffered Actual Damages**

**23. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.**

**24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.**

**COUNT I**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

**25. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**26. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiffs' debt and stated that the Plaintiffs owed a debt.**

**27. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiffs' debt on numerous occasions, without being asked to do so.**

**28. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiffs after 9:00 p.m.**

**29. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau.**

**30. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.**

**31. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiffs a validation notice stating the amount of the Debt.**

**32. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiffs a validation notice stating the name of the original creditor to whom the Debt was owed.**

**33. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiffs a validation notice stating the Plaintiffs' right to dispute the Debt within thirty days.**

**34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiffs a validation notice informing the Plaintiffs of a right to have verification and judgment mailed to the Plaintiffs.**

**35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiffs a validation notice containing the name and address of the original creditor.**

**36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.**

**37. The Plaintiffs are entitled to damages as a result of Defendants' violations.**

**COUNT II**

**VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.**

**38. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**39. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).**

**40. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).**

**41. The Plaintiffs are entitled to damages as a result of the Defendants' violations.**

**COUNT III**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.**

**42. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**43. Without prior consent the Defendants made telephone calls to the Plaintiffs' residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiffs in violation of 47 U.S.C. § 227(b)(1)(B).**

**44. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.**

**45. The Plaintiffs are entitled to damages as a result of the Defendants'**

**violations.**

**PRAYER FOR RELIEF**

**WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:**

1. **Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;**
2. **Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;**
3. **Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;**
4. **Actual damages pursuant to Conn. Gen. Stat. § 42-110g;**
5. **Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);**
6. **Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;**
7. **Punitive damages; and**
8. **Such other and further relief as may be just and proper.**

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: April 19, 2011**

**Respectfully submitted,**

**By /s/ Sergei Lemberg**

**Sergei Lemberg, Esq.**
**LEMBERG & ASSOCIATES L.L.C.**
**1100 Summer Street, 3rd Floor**
**Stamford, CT 06905**
**Telephone: (203) 653-2250**
**Facsimile: (888) 953-6237**
**Attorney for Plaintiffs**